**Billy R. VINING, as Trustee on Behalf of the Bankruptcy Estate of Steve D. Thompson Trucking, Inc., Plaintiff,**

v.

**SURE PLUS MANUFACTURING CO., Defendant.**

**No. 91 C 5382.**

United States District Court, N.D. Illinois, E.D.

Sept. 1, 1993.

Jeffrey Stewart Firestone, Lawrence M. Liebman, Eddy & Liebman, Chicago, IL, for Billy R. Vining, as Trustee on behalf of the Bankruptcy Estate of Steve D. Thompson Trucking, Inc., plaintiff.

David J. Fischer, Hugo Chaviano, Fischer, Kendle & Wahlers, Chicago, IL, for Sure Plus Manufacturing Co., defendant.

**MEMORANDUM OPINION AND ORDER**

ANN CLAIRE WILLIAMS, District Judge.

Plaintiff Billy R. Vining ("Vining") is the trustee of Steve D. Thompson Trucking

Co.'s ("SDT") bankrupt estate. Vining brought suit for collection of $4608.77 in freight undercharges that Sure Plus Manufacturing Co. ("Sure Plus") allegedly owed to SDT. Subsequently, Sure Plus moved for summary judgment and dismissal of complaint. Sure Plus also moved for stay and referral to the Interstate Commerce Commission ("ICC").[1] These motions were referred to Magistrate Judge Ronald A. Guzman. Magistrate Judge Guzman recommended that defendant's motion for stay and referral to the ICC be granted.[2] For the reasons explained below, the court adopts the Magistrate Judge's thorough report and recommendation as modified.

### Background

The pertinent facts are as follows.[3] SDT provided freight services to Sure Plus. After SDT went bankrupt, Vining had an auditing company review SDT's freight bills. The auditor determined that Sure Plus was not entitled to discount tariffs it received under ICC THST 102 and ICC THST 104, and billed Sure Plus for the difference between the rate filed with the ICC (full class rate) and the discounted rate Sure Plus paid.

On September 3, 1991, Vining brought this suit for collection of $4608.77 in alleged freight undercharges. Sure Plus contends that it properly received the discounts, and does not owe any money for freight undercharges. Consequently, Sure Plus filed a motion for summary judgment and dismissal of the complaint. Sure Plus also challenged the reasonableness of SDT's rates and practices, and moved for stay and referral to the ICC. Defendant's motions were referred to Magistrate Judge Guzman. On July 23, 1993, Magistrate Judge Guzman recommended that defen-

dant's motion for stay and referral to the ICC be granted.

### Discussion

■ The Interstate Commerce Act mandates that common carriers file their rates with the ICC, and that both the carrier and the shipper adhere to these rates. 49 U.S.C. § 10101 *et seq. See also Maislin Indus., Inc. v. Primary Steel, Inc.,* 497 U.S. 116, 119, 110 S.Ct. 2759, 2762, 111 L.Ed.2d 94 (1990). However, the rate, classification, rule or practice relating to common carrier transportation or service must be reasonable. 49 U.S.C. § 10701(a). In this regard, the ICC has primary responsibility for determining whether a common carrier's rates or practices are reasonable. *Maislin,* 497 U.S. at 119, 110 S.Ct. at 2762 (citing *Texas & Pacific R.R. Co. v. Abilene Cotton Oil Co.,* 204 U.S. 426, 440–42, 27 S.Ct. 350, 355–356, 51 L.Ed. 553 (1907)). "The filed rate is not enforceable if the ICC finds the rate to be unreasonable." *Id.* 497 U.S. at 128, 110 S.Ct. at 2767.

■ As the Magistrate Judge noted, "numerous United States District and Bankruptcy Courts, as well as a handful of State Courts, have referred the 'reasonableness' issue to the I.C.C. because of its expertise and authority in these matters." (Mag. R & R, p. 8). The Magistrate Judge recommended that this court do the same. However, he correctly noted that to justify a referral to the ICC, a party must make a threshold showing of unreasonableness. *Lifschultz Fast Freight, Inc. v. Nat'l Mfg. Co.,* 804 F.Supp. 1059, 1060 (N.D.Ill.1992); *Atlantis Express, Inc. v. Standard Transp. Serv.,* 955 F.2d 529, 537 (8th Cir. 1992).

In the instant case, Sure Plus challenges the reasonableness of the full class rates in SDT's tariffs ICC THST 102 and ICC THST

---

**1.** The court treats these as alternative motions.

**2.** The Magistrate Judge's "primary" recommendation was to grant defendant's motion for stay and referral to the ICC. (Report and Recommendation of Magistrate Judge Ronald A. Guzman ("Mag. R & R"), p. 15). However, in the event that this court declined that recommendation, Magistrate Judge Guzman recommended that defendant's alternative motion for sum-

mary judgment be granted in part and denied in part. The court adopts the Magistrate Judge's primary recommendation as modified, and accordingly, rejects the secondary recommendation.

**3.** For a fuller description of the facts, see Mag. R & R, pp. 1–6.

104. Sure Plus also argues that the tariffs' notice requirements constitute an unreasonable practice. (Defendant's Motion for Stay and Referral to the Interstate Commerce Commission ("Referral Motion"), pp. 4, 9). Vining responds that it should recover the $4608.77 in freight undercharges "even while the reasonableness of the tariffs is challenged before the ICC." (Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and Dismissal of the Complaint ("Response"), p. 2).[4]

■ Magistrate Judge Guzman found that Sure Plus had made a threshold showing of unreasonable rates after considering the affidavit of tariff expert, Bruce Hocum ("Hocum"). Hocum stated that the rates sought by SDT were "unreasonably high when compared with the prevailing market rates available ... from other motor carriers at the time." (Referral Motion, App. E., Hocum Aff.). The Magistrate Judge also determined that:

> The interpretation and application of SDT's tariff provisions presents mixed questions of law and fact. Questions of law revolve around the interpretation of the language of the tariff itself. Questions of fact concern the reasonableness of SDT's tariff provisions. It is the factual inquiry relating to reasonableness that must first be determined by the I.C.C.... If the notification requirements of ICC THST 102 and ICC THST 104 are deemed unreasonable, the Commission will set aside that part of the tariff. Accordingly, I recommend that the question of the reasonableness of SDT's filed tariff provisions should be referred to the I.C.C. for determination.

(Mag. R & R, p. 13) (citation omitted).

■ Lastly, the Magistrate Judge rejected Vining's position that it should be paid the undercharges, even if Sure Plus challenged the reasonableness of the tariffs. In so doing, Magistrate Judge Guzman emphasized that "[t]he Seventh Circuit is among the majority of courts which allows shippers to assert the unreasonableness of a rate or practice as a *defense* in a carrier's suit to collect the filed rate." (Mag. R & R, p. 15). Consequently, the Magistrate Judge recommended that defendant's motion for stay and referral to the ICC be granted.

Based upon review of the record and authority, this court agrees that Sure Plus has made a threshold showing of unreasonableness, and that the reasonableness of SDT's rates and practices should be referred to the ICC. Likewise, the court agrees that Sure Plus should not have to pay the alleged freight undercharges before obtaining a reasonableness determination from the ICC. Therefore, the court rejects Vining's brief and unsupported objections to the Magistrate Judge's report.[5]

However, in keeping with this court's practice of denying stays of freight cases in the event of a referral to the ICC, defendant's motion for stay is denied. Instead, the court orders this case dismissed without prejudice with leave to reinstate within thirty days of the ruling by the ICC.

### Conclusion

For the foregoing reasons, defendant's motion for stay is denied, but defendant's motion for a referral to the Interstate Commerce Commission is granted. Defendant's motion for summary judgment and dismissal of the complaint is stricken as moot. This court orders this case dismissed without prejudice with leave to reinstate within thirty (30) days of the ruling by the ICC.

---

**4.** Vining did not respond directly to Defendant's Motion for Stay and Referral to the Interstate Commerce Commission.

**5.** Without benefit of authority or discussion, Vining filed a 1 and ¼ page list of objections to most of Magistrate Judge Guzman's findings and recommendations. (Objections to Report and Recommendation of Magistrate).